By the Court, Bronson, J.
The first objection is, that it was irregular to issue the execution pending the appeal. To this it is answered that the appeal bond was not sufficient to stay the proceedings. The appeal was authorized by 2 R. S. 609, § 104, the bond was in conformity to section 108, and the 109th section declares that the appeal, when perfected, shall suspend all proceedings on the order appealed from. This covers the case, unless it is governed by some special provision; and to show that such is the fact, we are referred to 2 R. S. 116, §§ 19 to 21, where the bond must be conditioned to pay the full amount directed to be levied by the execution, and the costs of the appeal in case of affirmance. But this statute only extends to cases where the creditor has obtained a judgment against the executor or administrator “ after a trial at law upon the merits (§ 19;) and the judgment against Skidmore was obtained by “ default for not pleading.” The surrogate may order an execution to issue on any judgment against an executor or administrator; (Id. p. 88, § 32;) but there is no special provision concerning an appeal from the order, except where the judgment was obtained after a trial upon the merits. I do not see, therefore, why the appeal was not well made, and the proceedings stayed by virtue of the general provision first mentioned.
But it is said that on docketing the decree pursuant to Sess. Laws of 1837, p. 535, §§ 63, 64, it became to all intents and purposes a judgment of this court, and proceedings upon it could only be stayed by a writ of error, or the order of this court. This argument, if well founded, would completely take away the right of review; for there is no judgment of this court upon which a writ of error could be brought. There is nothing here but a certificate of the surrogate, stating the names of the parties for and against whom the decree was made, with their occupation and residence, and the amount directed to be paid. (§ 63.) The docket made on filing the certificate with the clerk is in the following words: “ Walter Skidmore, adm’r &c., Henry E. Da *504 vies, guardian &c., surrogate’s decree $3024, 13 May, 1 P. M. H. E. Davies.” Clearly such a certificate and entry cannot be regarded as a judgment of this court. It is nothing more than a decree docketed in this court, and an appeal having been duly taken the execution should not have been issued.
There is a further objection to the execution. It was issued as upon a judgment recovered in this court, when in point of fact there never was any such judgment. The act of 1837 provides, that on filing the surrogate’s certificate of the decree with the clerk of this court, the same shall be entered on the docket and shall thenceforth be a lien on lands, “ and execution shall be issued thereon in the same manner as though the same was a judgment obtained in said court.” (§ 64.) This does not go to the form of the process, and I think the execution should have recited the facts truly. It should have stated the filing of the certificate of the surrogate’s decree, and the docket, and then commanded the sheriff to levy the money.
Again: Skidmore was cited by White, the judgment creditor, to account before the surrogate, and show cause why an execution should not issue against him for the amount of the judgment, or such part thereof as should remain in his hands. This was, I suppose, founded upon 2 R. S. 116, § 20. If the citation had been followed up in the decree, it seems that the order should have been that execution issue on the judgment, and then the process would of course have been in the name of White, though for the benefit of Davies, the assignee. And such a decree could not have been docketed under the act of 1837. But the decree was made in favor of Davies, and it did not direct an execution on the judgment. It seems to have been intended as an absolute decree that Skidmore pay a specified sum of money to Davies, and as such it was properly docketed under the act of 1837. If this be so, the decree is a lien on the lands of Skidmore, (Sess. Laws of 37, § 64,) and the execution should have directed the money to be levied of his property, and not of the property of Shaw.
I think all of‘the objections to the execution are well taken. 1st. It was issued pending an appeal, which stayed the proceed *505 ings; 2nd. It purported to be on a judgment of this court, when it should have been founded on the decree and docket; and 3rd. It should have directed the money to be levied of the property of Skidmore.
The fact that nothing has been collected by the execution, and that it will probably be returned nulla bona is of no importance. Further proceedings against Skidmore may be based upon the issue and return of the execution, and he has therefore a right to insist on the irregularities which have been mentioned,
Motion granted.